BERNARDO ACOSTA v. THE STATE.

No. 2316.   Decided March 26, 1913.

**Burglary—Insufficiency of the Evidence.**

Where, upon trial of burglary, there was no testimony connecting the defendant with the burglary which would authorize his conviction, there was reversible error.

Appeal from the District Court of Taylor.   Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Perry Sales,* for appellant.—On question oɩ insufficiency of evidence: Lawrence v. State, 66 Texas Crim. Rep., 346; 146 S. W. Rep., 928; Tollett v. State, 44 Texas, 95.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the State penitentiary.

The record conclusively shows that the store of the Merkel Dry Goods and Grocery Company was burglarized, and certain goods stolen therefrom, which were found in a section house which was occupied by Sarra Friere and others.   Defendant is not shown to have lived at this place, and he is not shown at any time to have been in possession of the goods. The whole evidence that tends to connect him with the commission of this offense is that Felix Hernandez says appellant came to his house about sun-up on Sunday morning and wanted to take him to Abilene, the store-house having been burglarized the night before.   That appellant stated he wanted to go there in search of work, and another party wanted to go also.   That appellant and Hernandez hitched up the team and started and on the road found another Mexican named Manuel, and Manuel had grips, etc., this being the other Mexican who desired to go to Abilene.   That he got in and they all three went to Abilene, and stopped at the section house for breakfast.   All the witnesses state that Manuel and Hernandez carried the grips in the house, and appellant

had nothing to do with them. After breakfast appellant, Hernandez and Manuel all left the section house, leaving the grips. In these grips were the stolen goods. The State's witness at whose house the goc_s were found says: "I never saw those bundles in defendant's hands." Hernandez says appellant had no connection with and never handled the grips. There may be suspicious circumstances connected with the transaction, but there is no testimony connecting the defendant with the burglary which would authorize his conviction. Taking this view of the case, it is unnecessary to discuss the other questions raised.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*